FILED
US DISTRICT COURT
DISTRICT OF ALASKA

2005 DEC 15 PM 4: 12
PO

Thomas M. Daniel, Esq.
Perkins Coie LLP
1029 W. Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561
(907) 276-3108 (Facsimile)
tdaniel@perkinscoie.com

Patricia G. Griffith
Ford & Harrison LLP
1275 Peachtree Street, N.E., Suite 600
Atlanta, GA 30309
(404) 888-3800
(404) 888-3863 (Facsimile)

Attorneys for Defendant Evergreen
Aviation Ground Logistics Enterprises, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| TONY TAHERI,<br><br>        Plaintiff,<br><br>v.<br><br>EVERGREEN AVIATION GROUND LOGISTICS ENTERPRISES, INC.; KEVIN MILLER; TODD HANSON; and GREGG KEEGAN,<br><br>        Defendants. | CASE NO. A04-0106 Civil (RBB) |

**DEFENDANT EVERGREEN AVIATION GROUND LOGISTICS ENTERPRISES, INC.'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

40

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

DEFENDANT'S REPLY TO OPPOSITION
TO MOTION FOR SUMMARY JUDGMENT         - 1 -                [/AA053490.002]

Plaintiff's opposition to Defendant Evergreen Aviation Ground Logistics Enterprises, Inc.'s ("Evergreen") motion for summary judgment concedes that he cannot establish claims of disparate treatment and harassment. (Plaintiff's Opp. p. 1). Further, Plaintiff has abandoned his claim for breach of employment contract. Thus, Plaintiff's only remaining claim is for retaliatory discharge.

At his deposition, Plaintiff unequivocally denied that he or other employees ever slept at work. When Plaintiff was asked "[d]id you ever fall asleep at work?," he stated clearly "[n]o." (MSJ Ex. 1, Deposition of Plaintiff at 86[1]). Plaintiff testified that while he never slept at work, at times, he would "lay down or kickback" and that other employees would "close their eyes" and "just relax" to "kill the time to wait for the next flight to come." (Id. at 86, 138). However, in his summary judgment opposition, Plaintiff does not deny that he slept at work on the five occasions Evergreen identified in its underlying motion. Rather, Plaintiff now argues that the reason for his termination is pretextual because "sleeping on the job was customary, accepted and done by many, including supervisors." (Plaintiff's Opp. p. 10). Not only is Plaintiff's pretext contradictory to his prior testimony, it is also logically flawed.

Even assuming arguendo that sleeping at work was believed to be tolerated, after Plaintiff and Kyoun Shin were disciplined for sleeping by Station Manager Kevin Miller on June 5, 2000, Plaintiff was clearly on notice that such conduct was not acceptable. If Plaintiff continued to mistakenly believe that sleeping was allowed, his misunderstanding

---

[1] Plaintiff's deposition and exhibits were submitted as Exhibit 1 to Evergreen's motion for summary judgment and memorandum in support filed on October 11, 2005.

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

DEFENDANT'S REPLY TO OPPOSITION
TO MOTION FOR SUMMARY JUDGMENT     - 2 -     [/AA053490.002]

was again corrected on September 6, 2000 when he and another employee received a three day suspension for sleeping through an Asiana flight and completely failing to perform their duties for that flight. (MSJ Ex. 1 at 109, 113, ex. 21-23). Indeed at that time, General Manager Roger Kegley met with Plaintiff and Perry and stated that sleeping was unacceptable at work and would not be tolerated under his management. (Ex. A, Declaration of Kegley ¶ 7[2]). Kegley warned that being caught sleeping at work could lead to termination. (Id.). Kegley informed Plaintiff and Perry that if they observed anyone sleeping at work they should notify a supervisor or come directly to Kegley. (Id.). Plaintiff's assertion that his direct supervisor Todd Hansen "set about building a dossier against [him] to justify the termination" is simply incorrect as it was Kegley who warned Plaintiff about sleeping and made the decision to terminate him. (Plaintiff's Opp. p. 8).

Despite the unambiguous warnings against and discipline for sleeping at work, merely one week later, Plaintiff was again caught sleeping. It defies logic for Plaintiff to say he thought sleeping on the job was acceptable conduct. In addition to the illogical nature of Plaintiff's only refutation of Evergreen's summary judgment motion, Plaintiff's retaliation claim fails for several other reasons.

A. **Plaintiff attempts to create issues of fact by contradicting his prior sworn testimony.**

It is well established that a plaintiff may not directly contradict his earlier deposition testimony in order to create issues of fact to overcome summary judgment. Mesirow v. Pepperidge Farm, 703 F.2d 339, 344 (9th Cir. 1983)(where the plaintiff's

---

[2] The Declaration of Roger Kegley is attached hereto as Exhibit A.

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

DEFENDANT'S REPLY TO OPPOSITION
TO MOTION FOR SUMMARY JUDGMENT      - 3 -      [/AA053490.002]

assertions contained in his declaration filed in opposition to the defendant's motion to dismiss directly contradicted his earlier deposition testimony, the court held that his "conflicting statements [did] not create a factual dispute sufficient to avoid summary judgment. They raise[d] sham issues."); Radobenki v. Automated Equipment Corp., 520 F.2d 540, 544 (9th Cir. 1975)("The very object of summary judgment is to separate real and genuine issues from those that are formal or pretended, so that only the former may subject the moving party to the burden of trial. Here we are convinced that the issues of fact created by [the plaintiff] are not issues which this Court could reasonably characterize as genuine; rather, they are sham issues which should not subject the defendants to the burden of a trial.")(citation omitted).

Here, Plaintiff attempts to contradict his earlier deposition testimony in order to create issues of fact to overcome summary judgment. Earlier, Plaintiff unequivocally testified that no one, including him, slept at work; they merely closed their eyes while waiting for the next flight, but were ready at all times to do their jobs. (MSJ Ex. 1 at 86, 138-39). Now, Plaintiff does not deny sleeping, but, rather, contends that "sleeping on the job was customary, accepted and done by many, including supervisors." (Plaintiff's Opp. p. 10). Plaintiff's contradiction of his earlier deposition testimony creates nothing more than sham issues, not genuine issues of material fact. Without such self contradiction, Plaintiff has no evidence to support his retaliatory discharge claim. Thus, it must be dismissed.

**B.    Plaintiff cannot establish a prima facie case of retaliation.**

Plaintiff cannot establish the first element of a prima case of retaliation. Specifically, he cannot show that he engaged in a protected activity. Manatt v. Bank of America, NA, 339 F.3d 792, 800 (9th Cir. 2003). 42 U.S.C. § 2000e-3(a) protects

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

DEFENDANT'S REPLY TO OPPOSITION
TO MOTION FOR SUMMARY JUDGMENT         - 4 -                    [/AA053490.002]

activities under a "participation clause" and an "opposition clause." The "participation clause" protects against discrimination when the employee "has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under" Title VII. 42 U.S.C. § 2000e-3(a). The "opposition clause" protects an employee who has "opposed any practice made an unlawful employment practice" under Title VII. 42 U.S.C. § 2000e-3(a).

In order to constitute a protected activity under either clause, the activity, whether it be filing a discrimination charge or opposing an unlawful practice by making a complaint to the company, must be based on a reasonable belief that the challenged employment practice was discriminatory. Trent v. Valley Electric Assoc. Inc., 41 F.3d 524, 526 (9th Cir. 1994)(pursuant to the opposition clause, to show that she engaged in the protected activity, the plaintiff must "show that she had a 'reasonable belief' that the employment practice was prohibited under Title VII.")(quoting Sias v. City Demonstration Agency, 588 F.2d 692, 695-96 (9th Cir. 1978)); Funai v. Brownlee, 369 F.Supp.2d 1222 (D. Haw. 2004)(citing Mattson v. Caterpillar, Inc., 359 F.3d 885, 891 (7th Cir. 2004)(holding "that the same threshold should apply to both opposition and participation clause cases. Were we to adopt a different standard, an employee could immunize his unreasonable and malicious internal complaints simply by filing a discrimination complaint with a government agency. Similarly, an employee could assure himself unlimited tenure by filing continuous complaints with the government agency if he fears that his employer will discover his duplicitous behavior at the workplace.")

Here, Plaintiff did not have a good faith, reasonable belief that he was protesting an unlawful employment practice when he made complaints to Evergreen and when he

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

DEFENDANT'S REPLY TO OPPOSITION
TO MOTION FOR SUMMARY JUDGMENT   - 5 -                [/AA053490.002]

filed the discrimination charges. Plaintiff admitted that he had no evidence of any discriminatory animus held by his direct supervisor. (MSJ Ex. 1 at 217-18). Plaintiff also admitted that he did not know if the prankish behavior engaged in by his coworkers was due to any prohibited animus. (MSJ Ex. 1 at 195-97). Indeed, at work, Plaintiff held himself out to be a Christian Orthodox White male from Greece or Cyprus. (MSJ Ex. 1 at 73).[3] Further, the alleged pranks did not effect Plaintiff's ability to perform his job well: "My performance was hundred percent satisfaction." (MSJ Ex. 1 at 80). Funai v. Brownlee, 369 F.Supp.2d 1222 (D. Haw. 2004)(citing Labonia v. Doran Associates, LLC, 2004 WL 1921005, *11 (D. Comm. 2004)(reasoning that in "the absence of any evidence of a [ ] hostile work environment, Plaintiff could not have reasonably believed that she was opposing an employment practice")).

Plaintiff's lack of good faith is further shown by his assertion that he was treated differently at work due to his age because he "was one of the oldest person in that team." (MSJ Ex. 1 at 224). In other words, based on nothing more than his observation that he appeared to be the "oldest person," Plaintiff claimed age discrimination and filed a charge. However, Plaintiff he did not pursue the age claim beyond the administrative level. Just as Plaintiff abandoned the age claim, he also abandoned all of his discrimination and harassment claims in his opposition to Evergreen's motion for summary judgment. Plaintiff's actions show he did not hold a sincere belief that he was complaining about an unlawful practice. "Evidence of Plaintiff's sincerity, or lack of sincerity, in believing that [he] is opposing discrimination is also a factor in determining

---

[3] After separating from Evergreen, Plaintiff continued to identify himself as White, as demonstrated by the job application he completed on March 4, 2002. (MSJ Ex. 1 at 261-62, Ex. 60).

DEFENDANT'S REPLY TO OPPOSITION
TO MOTION FOR SUMMARY JUDGMENT    - 6 -    [/AA053490.002]

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

whether [his] opposition was reasonable and thereby constitutes protected activity." Funai, 369 F.Supp.2d at 1230. Plaintiff cannot show that he engaged in a protected activity for purposes of establishing a prima facie case of retaliation.

C.   **Different supervisors may impose different standards of behavior**

Assuming Plaintiff establishes a prima facie case of retaliatory discharge, he cannot show that Evergreen's legitimate reason for terminating him (i.e. sleeping on the job) is pretextual. Kegley's warnings against sleeping to Plaintiff and Perry were unequivocal. If Plaintiff believed that sleeping was acceptable at work, after his September 6, 2000 meeting with Kegley and suspension from work, Plaintiff knew that such conduct was subject to discipline and termination. A change in the enforcement of a work rule due to a change in management personnel which results in disparate treatment is not discrimination. "Different supervisors may impose different standards of behavior, and a new supervisor may decide to enforce policies that a previous supervisor did not consider important." Rojas v. Florida, 285 F.3d 1339, 1343 (11th Cir. 2002); Peters v. Lincoln Elec. Co., 284 F.3d 456, 474 (6th Cir. 2002)("It is simply stating the obvious to observe that what may have satisfied one management regime does not necessarily satisfy its successor . ."); Dammen v. UniMed Medical Center, 236 F.3d 978, 982 (8th Cir. 2001)("We fail to see how events which occurred during [the plaintiff's] work relationship with [his prior supervisor] can alter [his] poor relationship with and poor performance under [his present supervisor]"). Accordingly, assuming some Evergreen managers had tolerated employees sleeping on the job, after Kegley assumed responsibility over the Anchorage station, he clearly informed Plaintiff that sleeping was not acceptable at work. Indeed, Kegley suspended Plaintiff for three days for that very behavior. Plaintiff then flagrantly ignored this unequivocal message and was caught

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

DEFENDANT'S REPLY TO OPPOSITION
TO MOTION FOR SUMMARY JUDGMENT            - 7 -                                   [/AA053490.002]

sleeping at work yet again.

D. **Plaintiff cannot show that similarly situated employees were treated more favorably.**

Plaintiff contends that Evergreen's legitimate reason for his discharge (i.e. sleeping on the job) is a pretext for discrimination because other individuals also slept during work, but they were not treated the same as him. (Plaintiff's Opp. p. 10). In order to succeed on this new theory, Plaintiff must show that he was similarly situated to these other individuals who slept at work. Vasquez v. County of Los Angeles, 349 F.3d 634, 641 (9th Cir. 2003)(individuals are "similarly situated" for purposes of establishing discrimination where they have similar jobs and display similar conduct)(citing Hollins v. Atlantic Co., Inc., 188 F.3d 652, 659 (6th Cir. 1999)(to be similarly situated, an employee must have the same supervisor, be subject to the same standards, and have engaged in the same conduct); Hughes v. Blockbuster, Inc., 2004 WL 1359235, *7 (N.D. Tex. 2004)(where the plaintiff argued that other employees received more favorable treatment as evidence of pretext for his retaliation claim, the plaintiff "must show that he is similarly situated to these people"). At a minimum, Plaintiff must show that the decisionmaker knew about these other employees who slept at work. Otherwise, Plaintiff cannot use evidence of these other alleged employees to show pretext. Johnson v. Hertz Local Edition Corp., 2004 WL 2496164 (N.D. Cal. 2004)(granting summary judgment to employer because employer was unaware of other employee's misconduct)(citing Dent v. Federal Mogul Corporation, 129 F.Supp.2d 1311 (N.D. Ala. 2001)).

In Dent v. Federal Mogul Corporation, 129 F.Supp.2d 1311, 1312 (N.D. Ala. 2001), the plaintiff, a black male, was terminated by the human resources manager for operating weekly gambling pools at work. The plaintiff claimed that "almost everyone"

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

DEFENDANT'S REPLY TO OPPOSITION
TO MOTION FOR SUMMARY JUDGMENT        - 8 -                               [/AA053490.002]

at work participated in such betting pools and that "management had long known about and tolerated the [pools]." Id. After the human resources manager began in her position, she informed the plaintiff that "while the [pools] had been tolerated in the past, she was now responsible and that they could not continue." Id. Despite this warning, the plaintiff continued to operate the gambling pools and upon discovery, the human resources manager terminated him. Id.

The court dismissed the discrimination claims because the plaintiff failed to "identify by name any specific employee as being similarly situated." Id. at 1314. Further, the plaintiff was unable to show that the human resources manager knew the identity of the other employees who had continued to gamble after her warning. Id. The court held that allegations of other employees engaging in the same type of misconduct, without showing that the decisionmaker knew about these others, were insufficient to show discrimination. Id.

Here, Plaintiff has offered his testimony and that of personal friends Craig Perry and Mario Nieves[4] to support his argument that he was singled out whereas other employees were allowed to sleep without consequence. However, this "evidence" is immaterial absent a showing that Kegley himself knew about these other employees. Plaintiff has offered no competent evidence to show that Kegley, who was the decisionmaker with respect to Plaintiff's suspension and discharge, was aware of any other employees who slept on the job (other than Craig Perry, who Kegley suspended,

---

[4] Plaintiff testified that Nieves and Perry were his friends and that Perry even loaned him approximately $2,000.00 over a period of two or three occasions. (MSJ Ex. 1 at 17-18, 277-79).

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

DEFENDANT'S REPLY TO OPPOSITION
TO MOTION FOR SUMMARY JUDGMENT         - 9 -                    [/AA053490.002]

like Plaintiff, on September 6, 2000). Indeed, Kegley has denied that he was aware of other employees who slept on the job, but were not disciplined. (Ex. A at ¶ 11).

Further, Plaintiff admitted that he was unaware of anyone who was caught sleeping as many times as him who was not terminated. (MSJ Ex. 1 at 139, 142). Not surprisingly, Plaintiff's allegations of the existence of others who slept at work is too vague to determine whether they are similarly situated to Plaintiff and may not properly be considered for purposes of summary judgment. Plaintiff alleges that "other employees," "including supervisors," slept at work, but Plaintiff completely fails to identify these other individuals. (Plaintiff's Opp. p. 10). Similarly, neither Perry nor Nieves sheds any further light on the identity of the alleged similarly situated individuals. Such "evidence" is wholly insufficient. Sanders v. Ogden Allied Leisure Services, Inc., 804 F.Supp. 86, 92 (D. Nev. 1992)(allegations that unidentified similarly situated employees were treated differently by the company were merely "conclusory statements, unsupported by personal knowledge of the particular events or other evidence, [and were] not sufficient to withstand a motion for summary judgment"); Fed.R.Civ.P. 56(e) (affidavits "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein").

E.   **Any showing of pretext is negated by the fact that a similarly situated employee was treated in the same manner as Plaintiff.**

Plaintiff has failed to produce any admissible evidence of a similarly situated employee who slept at work, but was not disciplined. In contrast, Evergreen has shown that similarly-situated employees were disciplined for sleeping. For example, Miller disciplined both Plaintiff and Shin, a mechanic like Plaintiff, when he caught them both

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

DEFENDANT'S REPLY TO OPPOSITION
TO MOTION FOR SUMMARY JUDGMENT         - 10 -                    [/AA053490.002]

sleeping. Additionally, Craig Perry, again a mechanic like Plaintiff, was suspended for three days when Perry was caught sleeping for the first time by Kegley, the pertinent decisionmaker. This evidence that a similarly situated employee was treated in a similar manner as Plaintiff negates any showing of pretext. <u>Snead v. Metropolitan Property & Cas. Ins. Co.</u>, 237 F.3d 1080, 1094 (9th Cir. 2001)("evidence also shows that at least one other similarly situated employee (Todd) was treated in a similar manner as [the plaintiff], thereby negating any showing of pretext").

## CONCLUSION

For all of the foregoing reasons, Evergreen respectfully requests that the Court grant its motion for summary judgment.

Respectfully submitted this 15th day of December, 2005.

**PERKINS COIE LLP**
Attorneys for Defendant
Evergreen Aviation Ground Logistics
Enterprises

_____
Thomas M. Daniel
Alaska Bar No. 8601003

**FORD & HARRISON LLP**
Patricia G. Griffith

I hereby certify that I have served by mail/fax/hand a true and correct copy of the foregoing on Ted Stepovich, 841 I Street, Anchorage, Alaska 99501, this 15 day of December, 2005.

_____

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108