IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| TONY TAHERI,<br><br>       Plaintiff,<br><br>vs.<br><br>EVERGREEN AVIATION GROUND<br>LOGISTICS ENTERPRISES, INC.,<br><br>       Defendant. | Case No. A04-0106 CV (RRB)<br><br>**ORDER GRANTING MOTION FOR<br>SUMMARY JUDGMENT** |

**I.   INTRODUCTION**

Before the Court is Defendant Evergreen Aviation Ground Logistics Enterprises, Inc. ("Evergreen Aviation") with a Motion for Summary Judgment on all of Plaintiff Tony Taheri's ("Taheri") claims.[1] Taheri concedes that he cannot prove a case of disparate treatment or hostile work environment, but argues that nonetheless, he suffered retaliatory discharge.[2]

---

    [1]    Clerk's Docket No. 34.

    [2]    Clerk's Docket No. 37.

ORDER GRANTING MOTION FOR SUMMARY JUDGMENT - 1
A04-0106 CV (RRB)

Because the Court concludes that Evergreen Aviation had a legitimate nondiscriminatory reason for Taheri's termination, Evergreen Aviation's Motion for Summary Judgment is **GRANTED**.

## II.  FACTS

This lawsuit arises out of Taheri's termination as an aircraft mechanic for Evergreen Aviation.  Evergreen Aviation provides airlines with a variety of services, including equipment maintenance and repair, cargo and baggage handling, aviation hub management, warehousing and security, and aircraft fueling and ramp services.[3]  Taheri worked as an aircraft mechanic for Evergreen Aviation in Anchorage, Alaska from August 21, 1997, through September 13, 2000.[4]   While Taheri is from Iran, he identified himself as "White" on his employment applications.[5]  Further, he told his co-workers that he was from Greece or Cyprus.[6]  He does not remember telling his co-workers anything about his religion.[7]

The following events are relevant to Taheri's retaliation claim and Evergreen Aviation's defense.  On June 2, 1998, a customs inspector found Taheri and his co-worker asleep on couches in a

---

[3]   Clerk's Docket No. 34 at Ex. 2 at ¶ 3.

[4]   *Id.* at Ex. 1 at 10, 67, ex. 8, ex. 25.

[5]   *Id.* at Ex. 1 at 54 and ex. 53.

[6]   *Id.* at 73.

[7]   *Id.* at 73-74.

customs security zone.[8]  Because the two men were in a customs security area for reasons unrelated to their employment, the U.S. Department of Treasury fined Evergreen Aviation for each man's violation.[9]

On May 12, 2000, Taheri filed a complaint of discrimination with the Alaska State Commission for Human Rights ("Commission").[10]  Taheri alleged that he was discriminated against on the basis of race, national origin, religion and age.[11]  On May 25, 2000, Evergreen Aviation posted a memorandum in the workplace stating that harassment and discrimination would not be tolerated and that individuals engaged in such conduct would be terminated.[12]

On June 5, 2000, the Station Manager found Taheri and another co-worker sleeping in a van during work hours.[13]  Taheri claimed that he was merely resting his eyes, but the Station

---

[8]   *Id.* at exs. 11-13.

[9]   *Id.* at exs. 11-15.

[10]  Clerk's Docket No. 37 at Ex. D.

[11]  *Id.*  First, Taheri alleged that Evergreen Aviation was "aware that my coworkers have subjected me to daily derogatory comments, names and intimidating, offensive and destructive conduct because of my age, my religion, my national origin and my race." Second, Taheri alleged that lesser qualified Caucasians were promoted instead of him.  Third, Taheri alleged that Evergreen Aviation failed to pay him a wage increase that it had given a Caucasian in the same position.

[12]  *Id.* at Ex. C.

[13]  Clerk's Docket No. 34 at Ex. 3 at ¶ 4.

Manager had to knock loudly on the hood three times before the two men awoke.[14]  Both men were issued discipline notices for sleeping on the job.[15]

On August 17, 2000, Taheri filed a second discrimination charge with the Commission.[16]  In this complaint, Taheri stated that upon filing his first complaint, Evergreen Aviation "has begun to treat me in a more hostile, intimidating and offensive manner and subjects me to different terms and conditions of employment."[17]  He alleged that after refusing to withdraw his initial complaint, he was yelled at, his job duties and work hours were more closely scrutinized, and that he "received more derogatory notes, quarantine stickers on my locker and someone defaced my tools and put a hangman's noose in my mailbox," and that no action was taken by Evergreen Aviation upon being alerted to these events.[18]

On September 6, 2000, Taheri and a third co-worker were observed sleeping during work hours, resulting in their failure to

---

[14]   *Id.*

[15]   *Id.* at ¶ 5 and ex. A.

[16]   *Id.* at Ex. 1 at exs. 54.

[17]   *Id.*

[18]   *Id.*

perform their duties for an Asiana Airlines flight.[19]  Both men were suspended for three days.[20]

On September 13, 2000, a lead mechanic witnessed Taheri sleeping during work hours.[21]  Taheri was then terminated by Roger Kegley, the General Manager of Evergreen Aviation, for repeatedly sleeping during work hours.[22]

On October 31, 2000, Taheri amended his second complaint to the Commission.[23]  He added the September 6 suspension and the subsequent termination.[24]  On March 29, 2001, Taheri filed another complaint with the Commission because Evergreen Aviation gave a prospective employer a negative reference about him.[25]  Taheri alleged that this was discrimination in retaliation for filing the previous complaints with the Commission.[26]

---

[19]   *Id.* at exs. 21-23.

[20]   *Id.*

[21]   *Id.* at Ex. 2 at 16.

[22]   *Id.* at Ex. 1 at ex. 25; Clerk's Docket No. 40 at Ex. A at ¶ 9.

[23]   Clerk's Docket No. 34 at ex. 55.

[24]   *Id.*

[25]   *Id.* at ex. 56.

[26]   *Id.*

**III. STANDARD OF REVIEW**

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment should be granted if there is no genuine dispute as to material facts and if the moving party is entitled to judgment as a matter of law. The moving party has the burden of showing that there is no genuine dispute as to material fact.[27] The moving party need not present evidence; it needs only point out the lack of any genuine dispute as to material fact.[28] Once the moving party has met this burden, the nonmoving party must set forth evidence of specific facts showing the existence of a genuine issue for trial.[29] All evidence presented by the non-movant must be believed for purposes of summary judgment, and all justifiable inferences must be drawn in favor of the non-movant.[30] However, the nonmoving party may not rest upon mere allegations or denials, but must show that there is sufficient evidence supporting the claimed factual dispute to require a fact-finder to resolve the parties' differing versions of the truth at trial.[31]

---

[27] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

[28] *Id.* at 323-25.

[29] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986).

[30] *Id.* at 255.

[31] *Id.* at 248-49.

**IV. DISCUSSION**

To make out a prima facie case of retaliation under Title VII, a plaintiff must establish that: (1) he engaged in protected activity; (2) his employer subjected him to an adverse employment action; and (3) a causal link exists between the protected activity and the adverse employment action.[32] If a plaintiff asserts a prima facie retaliation claim, the burden shifts to the employer to "articulate a legitimate, non-discriminatory reason for the adverse employment action."[33] If the employer articulates such a reason, the plaintiff then "bears the ultimate burden of demonstrating that the reason was merely pretext for a discriminatory motive."[34]

Here, Taheri is able to make out a prima facie case of retaliation. First, Taheri engaged in protected activity by filing the complaints with the Commission. While Evergreen Aviation argues that he did not have a reasonable belief that the challenged employment practice was discriminatory, the Court disagrees. Evergreen Aviation concedes that Taheri was subject to the following derogatory actions, among others, though it labels them as mere pranks: (1) a quarantine sticker placed on Taheri's locker; (2) a fake counseling report with Takeri's name; (3) a noose place in his

---

[32] *Manatt v. Bank of America, NA*, 339 F.3d 792, 800 (9th Cir. 2003).

[33] *Id.*

[34] *Id.*

ORDER GRANTING MOTION FOR SUMMARY JUDGMENT - 7
A04-0106 CV (RRB)

mailbox; (4) writings on a board at work stating, "Mohammad, go home, go back home;" (5) a statement about Taheri possessing a bomb. While Taheri did not know for certain whether these actions were because of his race or national origin, it would have been reasonable for him to believe that there was discriminatory animus behind the actions. Second, he suffered an adverse employment action upon being terminated. Third, there is a causal connection between the protected expression and the adverse action. Evergreen Aviation was aware of the complaints filed with the Commission and the sleeping reprimands were proximately related to the filing of the complaints.[35]

   The burden now shifts to Evergreen Aviation to state a legitimate, non-discriminatory reason for Taheri's termination. Evergreen Aviation's reason for terminating Taheri concerned his sleeping during work hours. At least three times prior to his termination, Taheri was warned that sleeping on the job would not be tolerated. This is a legitimate, non-discriminatory reason for the adverse employment action of termination.

   As Evergreen Aviation met its burden, the burden now shifts back to Taheri to prove that this reason was merely pretext for impermissible retaliation. Taheri argues that he met this burden bu submitting two declarations from other employees who both

---

[35] *Passantino v. Johnson & Johnson Consumer Prods., Inc.*, 212 F.3d 493, 507 (9th Cir. 2000).

state that sleeping while at work was customary and done my both employees and supervisors.  However, Evergreen Aviation argues that Taheri presented no evidence that Kegley, the General Manager, was aware of other employees who slept at work and chose not to punish those employees.  The Court agrees that neither of the declarations submitted by Taheri allege that Kegley was aware of any employees who slept at work and were not punished.  In fact, there is evidence that Kegley did punish other workers besides Taheri for sleeping on the job.[36]

Thus, while Taheri has provided sufficient evidence to support an inference of discrimination, and met his burden on his prima facie case, that evidence is not sufficient to raise a genuine issue of material fact regarding the truth of Evergreen Aviation's proffered nondiscriminatory reason.  The evidence does not show that Kegley was aware of and did not punish other similarly situated employees who slept while at work.  However, the evidence does show that at least one other similarly situated employee was also punished for sleeping while at work.  Consequently, Taheri has failed to raise a genuine issue of material fact that Evergreen Aviation's legitimate, nondiscriminatory reason for his termination was pretextual.

---

[36] On September 6, 2000, Kegley suspended both Taheri and another employee for sleeping while at work.  Clerk's Docket No. 40 at Ex. A at ¶ 7.

**V.  CONCLUSION**

For the reasons stated herein, Defendant's Motion for Summary Judgment is **GRANTED** (Clerk's Docket No. 34).  Further, the Court does not find oral argument necessary and **DENIES** Plaintiff's motion (Clerk's Docket No. 41).

ENTERED this 6th day of January, 2006.


/s/ RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE