Law Office of Ted Stepovich
841 I Street
Anchorage, Alaska 99501
Ph: 907-272-9322
Fax: 907-277-1373

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| TONY TAHERI, | ) |
| Plaintiff. | ) ) ) |
| vs. | ) ) |
| EVERGREEN AVIATION GROUND LOGISTICS ENTERPRISES, INC.; KEVIN MILLER; TODD HANSON; and GREGG KEEGAN, | ) ) ) ) ) |
| Defendants. | ) ) |
| | ) **Case No. A04-0106 CI (RBB)** |

**PLAINTIFF'S MOTION TO ALTER OR AMEND THE
JUDGMENT AND SUPPORTING MEMORANDUM OF LAW**

Plaintiff submits this motion for reconsideration, under Fed. R. Civ. P. 59(e). Plaintiff believes that there are material issues of fact in dispute that make trial essential on the question whether the employer's alleged legitimate, non retaliatory reason for his discharge was merely a pretext for retaliation. Because there are questions of material fact, the order granting summary judgment should be vacated and the matter should be set for trial. Specifically, plaintiff contends the Court erred in its examination of the evidence and in reaching the conclusion that plaintiff has failed to raise a genuine issue of material fact that defendant's legitimate nondiscriminatory reason for his termination was pretextual. (Docket 45-1, p. 9). The Court was compelled to reach that conclusion because it erroneously concluded

-1-

that the General Manager had to have personal knowledge that other employees slept at work, and were not punished for doing so. Id.

While the Court cited no authority to support its conclusion, plaintiff assumes the Court relied on the unpublished decision in Johnson v. Hertz Local Edition Corp. 2004 WL 2496164 (N.D. Cal. 2004) and Dent v. Federal Mogul Corporation, 129 F.Supp.2d 1311 (N.D. Ala. 2001) since that is the authority upon which defendant relied to support its erroneous position that the General Manager had to have personal knowledge. The defendant's position was erroneous because in Johnson v. Hertz Local Edition Corp., the Court did not hold that a specific supervisor had to have personal knowledge; rather, the Court held that the "employer" ("defendant") had to have knowledge that other employees engaged in the same type of activity and were not disciplined as a result. Id., Johnson v. Hertz Local Edition Corp., (citing Shumway v. United Parcel Svc., Inc., 118 F.3d 60, 65 (2d Cir. 1997)). In Shumway, the Court noted that the Employer (U.P.S.) did not have knowledge; the Court did not hold that a named supervisor had to have personal knowledge. Shumway, 118 F.3d at 65. In this Circuit courts have held that the knowledge of the employer and the general manager may be imputed if immediate supervisors were aware. Lamb v. Household Credit Servs., 956 F. Supp. 1511, 1517 (N.D. Cal. 1997); Folkerson v. Circus Circus Enters., 107 F.3d 754, 756 (9th Cir. 1997).

Here the declarations of fellow employees, submitted with plaintiff's opposition clearly show that immediate supervisors were aware that other employees slept while waiting for planes and in between planes. (Docket 37, Exhibits A & B). These declarations also point out that these employees were not disciplined or

THE LAW OFFICE OF TED STEPOVICH
841 I Street
Anchorage, Alaska 99501
Ph: 272-9322  Fax: 277-1373

terminated as it was custom and practice to sleep in between planes and that even immediate supervisors did so. Id. In fact, in his declaration Mario Nieves states that Todd Hansen, defendant's Aircraft Maintenance Manger, kept a cot in his office. (Docket 37, Exhibit A). The knowledge of these supervisors can be imputed up the chain of command to the employer and thus the employer was aware. That being so, the declarations were sufficient to raise a genuine issue of material fact as to whether the employer's stated reasons for plaintiff's discharge were a pretext for retaliation.

Accordingly, it is respectfully respected that the court reconsider its decision in light of our circuit's decisions in Lamb and Folkerson and find that genuine material issues of fact exist so as to preclude the entry of summary judgment.

Dated this 13th day of January, 2006.

> THE LAW OFFICE OF TED STEPOVICH
> 841 I Street
> Anchorage, Alaska 99501
> 907-272-9322
>
> By: /s/ Ted Stepovich
> Ted Stepovich
> ABA No. 8711113

THE LAW OFFICE OF TED STEPOVICH
841 I Street
Anchorage, Alaska 99501
Ph: 272-9322   Fax: 277-1373

Ted Stepovich, Esq.
THE LAW OFFICES OF TED STEPOVICH
841 I Street
Anchorage, Alaska 99501
Phone:  (907) 272-9322
Fax:    (907) 277-1373


IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| TONY TAHERI ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| EVERGREEN AVIATION LOGISTICS ) | |
| ENTERPRISES, INC.; EVERGREEN ) | **CERTIFICATE OF SERVICE** |
| INTERNATIONAL AVIATION, INC.; ) | |
| EVERGREEN EAGLE; KEVIN MILLER;) | |
| TODD HANSON and GREGG KEEGAN ) | |
| ) | |
| Defendant. ) | |
| _____) | Case No. A04-0106 (RRB) |

The undersigned hereby certifies that on the 13th day of January, 2006 a true and correct copy of **PLAINTIFF'S MOTION TO ALTER OR AMEND THE JUDGMENT AND SUPPORTING MEMORANDUM OF LAW** was mailed to the following:

Patricia G. Griffin
Ford & Harrison, LLP
1275 Peachtree Street, N.E., Ste. 600
Atlanta, Georgia 30309

-1-

Thomas M. Daniel, Esq.
Perkins Coie, LLP
1029 W. 3rd Avenue, Ste. 300
Anchorage, Alaska 99501

*Michelle Webb* (signature)

Michelle Webb

THE LAW OFFICE OF TED STEPOVICH
841 I Street
Anchorage, Alaska 99501
Ph: 272-9322  Fax: 277-1373