Thomas M. Daniel, Esq.
Perkins Coie LLP
1029 W. Third Avenue, Suite 300
Anchorage, Alaska  99501
(907) 279-8561
(907) 276-3108 (Facsimile)
tdaniel@perkinscoie.com

Patricia G. Griffith
Ford & Harrison LLP
1275 Peachtree Street, N.E., Suite 600
Atlanta, GA  30309
(404) 888-3800
(404) 888-3863 (Facsimile)

Attorneys for Defendant Evergreen
Aviation Ground Logistics Enterprises, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| TONY TAHERI,<br><br>              Plaintiff,<br><br>v.<br><br>EVERGREEN AVIATION GROUND LOGISTICS ENTERPRISES, INC.; KEVIN MILLER; TODD HANSON; and GREGG KEEGAN,<br><br>              Defendants. | CASE NO. 3:04-cv-0106-RBB |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S
MOTION TO ALTER OR AMEND THE JUDGMENT**

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

DEFENDANT'S RESPONSE TO MOTION
TO ALTER OR AMEND THE JUDGMENT         - 1 -         [43894-0001-000000/AA060230.012]

Plaintiff's sole grounds for seeking reconsideration is his contention that Plaintiff can prove retaliatory motive (pretext) where the undisputed decision-maker did not have knowledge of others sleeping on the job as long as other, lower-level managers possessed that knowledge.[1]  That is absurd.

The path to proving pretext is solely one of motive.  What motivated the employer to act as it did?  Where the action was taken by a person who had no knowledge of others acting in a similar manner to Plaintiff but without consequence, it simply defies logic to claim that the action was motivated by an illegal animus by claiming that those unknown others received more favorable treatment.

Moreover, here, the decision-maker placed Plaintiff on notice that even if other supervisors had tolerated sleeping on the job, he did not.  Indeed, the decision-maker suspended Plaintiff (and another employee) for three days for that very behavior. Plaintiff then flagrantly ignored this unequivocal message, was caught sleeping at work yet again, and was fired.  See e.g., Rojas v. Florida, 285 F.3d 1339, 1343 (11th Cir. 2002) (different supervisors may impose different standards of behavior); Peters v. Lincoln Elec. Co., 284 F.3d 456, 474 (6th Cir. 2002) (same); Dammen v. UniMed Medical Ctr., 236 F.3d 978, 982 (8th Cir. 2001) (same).

---

[1] Defendant again notes that Plaintiff has dramatically changed his testimony in an effort to avoid summary judgment.  Specifically, Plaintiff unequivocally testified at deposition that no one, including him, slept at work; they merely closed their eyes.  (MSJ Ex. 1 at 86, 138-39).  Now, Plaintiff and his affiants rely solely on the argument that sleeping on the job was customary and accepted.  See e.g. Mesirow v. Pepperidge Farm, 703 F.2d 339, 344 (9th Cir. 1983) (conflicting statements cannot create factual dispute to avoid summary judgment).

Plaintiff's attempt to distinguish a few of the cases cited by Defendant misstates the law. For example, Shumway v. United Parcel Svc., Inc., 118 F.3d 60 (2d Cir. 1997) (cited with approval in Johnson v. Hertz Local Edition Corp., 2004 WL 2496164 (N.D. Cal. 2004)) specifically addressed the situation where a new supervisor enforced a work rule against the plaintiff which she said everyone else got away with. The Court clearly stated that because those other individuals were not supervised by the same decision-maker, they were not similarly situated to plaintiff for purposes of proving an inference of discrimination. Not having the authority to act because one is not the supervisor of an offending employee is directly analogous to the decision-maker having no knowledge of the offending employee's behavior in order to act. In either case, the motive behind the employment decision cannot be argued to be illegal by pointing to a situation where the supervisor had no authority to act or was unaware of the need to act. Moreover, Shumway, in essence, shows that just because other supervisors allow a work rule to be violated does not mean that the decision-maker's enforcement of the rule was illegally motivated.

Likewise, Plaintiff's reliance on the general concept that in harassment cases employers may be liable for acts of their supervisors is misplaced in the context of this case. There is no dispute that if General Manager Kegley retaliated against Plaintiff, Evergreen could be liable for that retaliation. Such is the issue discussed in Folkerson v. Circus Circus Enterprises, Inc., 107 F.3d 754 (9th Cir. 1997), cited by Plaintiff. Equally inapplicable herein is the cited case of Lamb v. Household Credit Services, 956 F. Supp. 1511 (N.D. Calif. 1997), which discusses the requisite duties of a manager for purposes of an employer's Title VII liability. Neither case stands for the proposition that a

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

decision-maker who undisputedly did not know of a rule violation by other employees, can be said to have acted retaliatorily when he disciplined a plaintiff for that very rule violation.

Moreover, in this case the decision-maker disciplined more than just Plaintiff. The evidence is undisputed that Mr. Kegley disciplined every employee who, to his knowledge, was found sleeping at work (regardless of whether they had filed any charges against the Company). See Snead v. Metropolitan Property & Cas. Ins. Co., 237 F.3d 1080, 1094 (9th Cir. 2001) (evidence of other similarly situated employees being treated similarly negates showing of pretext).

Further, not only is there no evidence that the decision-maker's asserted reason for Plaintiff's termination is pretextual, Plaintiff can point to no individual who was caught sleeping as many times as him who was not terminated. (MSJ Ex. 1 at 139, 142). Neither can his affiants. See Sanders v. Ogden Allied Leisure Services, Inc., 804 F. Supp. 86, 92 (D. Nev. 1992) (allegations that unidentified similarly situated employees were treated more favorably were merely conclusory statements unsupported by personal knowledge of the particular events and insufficient to defeat summary judgment). See also Shumway, supra (where plaintiff's actions were far more egregious than the unidentified "others," she cannot claim they were similarly situated).

Accordingly, this Court's Order granting Defendant's motion for summary judgment should be affirmed and Plaintiff's motion to reconsider should be denied.

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

DEFENDANT'S RESPONSE TO MOTION
TO ALTER OR AMEND THE JUDGMENT         - 4 -         [43894-0001-000000/AA060230.012]

Respectfully submitted this 25th day of January, 2006.

**PERKINS COIE LLP**
Attorneys for Defendant
Evergreen Aviation Ground Logistics
Enterprises
s/_____
   Thomas M. Daniel
   Alaska Bar No. 8601003

   1029 West Third Ave., Suite 300
   Anchorage, Alaska 99501
   907/279-8561/907-276-3108 (fax)
   tdaniel@perkinscoie.com

**FORD & HARRISON LLP**
Patricia G. Griffith

I hereby certify that a true and correct copy of
the foregoing is being served by the court on Ted
Stepovich, 841 I Street, Anchorage, Alaska
99501, this 25th day of January, 2006.
s/_____
   Thomas M. Daniel

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

DEFENDANT'S RESPONSE TO MOTION
TO ALTER OR AMEND THE JUDGMENT    - 5 -    [43894-0001-000000/AA060230.012]