**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 31 2007

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

RECEIVED

SEP 27 2007

CLERK, U.S. DISTRICT COURT
ANCHORAGE, A.K.

| | |
|---|---|
| TONY TAHERI, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> EVERGREEN AVIATION GROUND LOGISTICS ENTERPRISES, INC, <br><br> Defendant - Appellee. | No. 06-35152 <br><br> D.C. No. CV-04-00106-RRB <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the District of Alaska
Ralph R. Beistline, District Judge, Presiding

Argued and Submitted August 8, 2007
Anchorage, Alaska

Before: WALLACE, NOONAN, and PAEZ, Circuit Judges.

Tony Taheri appeals the district court's grant of summary judgment in favor of Evergreen Aviation Ground Logistics Enterprises, Inc. ("Evergreen"), Taheri's former employer, on his claim of retaliation in violation of the Alaska Human

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Cir. R. 36-3.

him based on national original, race, religion, and age. We also agree that Evergreen met its burden of producing a non-discriminatory reason for terminating Taheri: that on three or more occasions he was found sleeping on the job. We conclude, however, that Taheri presented evidence raising a genuine factual dispute whether Evergreen's proffered reason for terminating him was pretextual.

The district court reached the opposite conclusion after determining that there was no evidence that Kegley was aware of other employees who slept at work but were not punished, and because other similarly situated employees had also been disciplined for sleeping on the job. In making this determination, the district court failed to consider the evidence in the light most favorable to Taheri. Instead, the court made a credibility determination that favored Kegley's account over that of Taheri and his coworkers. Taheri's evidence that sleeping on the job between shifts was rampant, practiced by employees and supervisors alike, and visible almost daily, calls into question Kegley's testimony that he was unaware that this practice was taking place. In addition, Taheri presented evidence that Kegley was involved in addressing Taheri's discrimination complaint and was aware of Miller's retaliatory animus and threats, yet based his termination decision in part on Miller's June 5, 2000 disciplinary action. A reasonable jury could infer retaliatory motives from Kegley's ratification of Miller's actions. *See Winarto v.*

*Toshiba Am. Elecs. Components, Inc.*, 274 F.3d 1276, 1284-85 (9th Cir. 2001); *Miller*, 885 F.2d at 505; *see also Galdamez v. Potter*, 415 F.3d 1015 (9th Cir. 2005) ("Title VII may still be violated where the ultimate decision-maker, lacking individual discriminatory intent, takes an adverse employment action in reliance on factors affected by another decision-maker's discriminatory animus."); *Bergene v. Salt River Project Agric. Improvement & Power Dist.*, 272 F.3d 1136, 1141 (9th Cir. 2001) ("Even if a manager was not the ultimate decisionmaker, that manager's retaliatory motive may be imputed to the company if the manager was involved in the [adverse employment] decision.").

Because Taheri produced evidence that established a genuine factual dispute whether his termination resulted from retaliation, Evergreen was not entitled to summary judgment.

REVERSED and REMANDED.

4

**Signature Redacted**

*Taheri v. Evergreen Aviation Ground Logistics Enter., Inc.,* No. 06-35152
WALLACE, Circuit Judge, dissenting:

**FILED**

AUG 31 2007

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

I would affirm the district court's summary judgment in favor of Evergreen. Taheri did not create a genuine issue of material fact disputing Kegley's non-discriminatory reason for the termination.

Taheri may rely on circumstantial evidence to show that Evergreen's proffered reason for his discharge was pretextual, but that circumstantial evidence must be "'specific' and 'substantial.'" *Winarto v. Toshiba Am. Elecs. Components, Inc.*, 274 F.3d 1276, 1284 (9th Cir. 2001). Taheri's evidence is neither. Employees' general observations that many people slept on the job do not directly dispute Kegley's specific statements that in his short time at Evergreen before becoming General Manager he did not witness any employees sleeping on the job, nor do the employees' accounts contradict the evidence that Kegley disciplined all those he discovered sleeping on the job once he became General Manager. Even viewing the employees' testimony in the light most favorable to Taheri, it does not create a genuine issue of material fact about Kegley's personal knowledge or show that Kegley himself knew of but failed to discipline other, similarly-situated employees who were sleeping on the job.

Kegley's own testimony and the evidence that Taheri was repeatedly warned and disciplined for sleeping on the job is undisputed and I would affirm the district court's summary judgment.

```
                                                         MOATT    INVATT
                                                            1
                                                                       i
INTERNAL USE ONLY: Proceedings include all events.
06-35152 Taheri v. Evergreen Aviation

TONY TAHERI                         Theodore J. Stepovich, Esq.
      Plaintiff - Appellant         FAX 907/277-1373
                                    907/272-9322
                                    [COR LD NTC ret]
                                    LAW OFFICE OF TED STEPOVICH
                                    841 I Street
                                    Anchorage, AK 99501


   v.

EVERGREEN AVIATION GROUND           Brian Peters
LOGISTICS ENTERPRISES, INC          213/237-2400
      Defendant - Appellee          Ste. 2300
                                    [COR LD NTC ret]
                                    FORD & HARRISON
                                    350 S. Grand Ave.
                                    Los Angeles, CA 90071

                                    Patricia G. Griffith, Esq.
                                    FAX 404/888-3863
                                    404/888-3800
                                    #600
                                    [COR LD NTC ret]
                                    FORD & HARRISON
                                    1275 Peachtree Street NE
                                    Atlanta, GA 30309
```

Form 10. Bill of Costs ---------------------------------------------------- (Rev. 1-1-05)

United States Court of Appeals for the Ninth Circuit

BILL OF COSTS

**Note:** If you wish to file a bill of costs, it MUST be submitted on this form and filed, with the clerk, with proof of service, within 14 days of the date of entry of judgment, and in accordance with Circuit Rule 39-1. A late bill of costs must be accompanied by a motion showing good cause. Please refer to FRAP 39, 28 U.S.C. § 1920, and Circuit Rule 39-1 when preparing your bill of costs.

Taheri  v. Evergreen Aviation                                    CA No. 06-35152

The Clerk is requested to tax the following costs against: Evergreen Aviation

| Cost Taxable under FRAP 39, 28 U.S.C. § 1920, Circuit Rule 39-1 | REQUESTED Each Column Must Be Completed | | | | ALLOWED To Be Completed by the Clerk | | | |
|---|---|---|---|---|---|---|---|---|
| | No. of Docs.* | Pages per Doc. | Cost per Page** | TOTAL COST | No. of Docs. | Pages per Doc. | Cost per Page | TOTAL COST |
| Excerpt of Record | 08 | 55 | .08 | 35.20 | | | | 35.20 |
| Appellant's Brief | 18 | 17 | 08 | 27.28 | | | | 24.48 |
| Appellee's Brief | | | | | | | | |
| Appellant's Reply Brief | 18 | 19 | .08 | 30.40 | | | | 27.36 |
| Other: | BELOW, | | | 405.62 | | | | |
| | | | TOTAL | $ 498.62 | | | TOTAL | $87.04 |

Appeal Filing Fee                                   $255.00

Fed Ex Charges, Appellant's Brief To Appellee         38.86

Fed Ex Charges, Appellant's Brief & Excerpt to Court:  61.25

Fed Ex Charges, Reply Brief to Court         50.63

If Paralegal Fees are considered as costs (See Motion for Fees), an additional $2,190.00 in costs is requested.
See Billings for Paralegal Costs Attached.

**Signature Redacted**

**Form 10. Bill of Costs - Continued**

**Other:** Any other requests must be accompanied by a statement explaining why the item(s) should be taxed pursuant to Circuit Rule 39-1. Additional items without such supporting statements will not be considered.

Attorneys fees cannot be requested on this form.

\* If more than 7 excerpts or 20 briefs are requested, a statement explaining the excess number must be submitted.

\*\* Costs per page may not exceed .10 or actual cost, whichever is less. Circuit Rule 39-1.

I, Ted Stepovich, swear under penalty of perjury that the services for which costs are taxed were actually and necessarily performed, and that the requested costs were actually expended as listed.

Signature: _____
Date: 9-10-07

Name of Counsel (printed or typed): Ted Stepovich
Attorney for: Appellant, Tony Taheri

Date: 9/24/07    Costs are taxed in the amount of $ 87.04

Clerk of Court
By: _____, Deputy Clerk

```
           UNITED STATES
           DISTRICT COURT
            District of Alaska
            Anchorage Division

         # 00127608  - SF
         February 13, 2006

  Code    Case #    Qty      Amount
  006900-F 04-106CV
                              255.00 CK

  TOTAL →
                              255.00

FROM: THE LAW OFFICE OF TED J.
      STEPOVICH
      9CCA APPEAL
      A04-0106CV RRB
```