Thomas M. Daniel
Perkins Coie LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
Phone:		(907) 279-8561
Facsimile:	(907) 276-3108
tdaniel@perkinscoie.com

Patricia G. Griffith
pgriffith@fordharrison.com
*Admitted Pro Hac Vice*
Ford & Harrison LLP
1275 Peachtree Street, N.E., Suite 600
Atlanta, Georgia  30309
Phone:		(404) 888-3800
Facsimile:	(404) 888-3863

Attorneys for Defendant
Evergreen Aviation Ground Logistics Enterprises, Inc.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| TONY TAHERI,<br><br>        Plaintiff,<br><br>v.<br><br>EVERGREEN AVIATION GROUND LOGISTICS ENTERPRISES, INC.,<br><br>        Defendant. | CIVIL ACTION NO. 3:04-cv-106-RRB<br><br><br>SCHEDULING AND PLANNING CONFERENCE REPORT |

1.	**Meeting**.  In accordance with Fed. R. Civ. P. 26(f), a meeting was held on April 9, 2008 and was attended by:

    Ted Stepovich		Attorney for Plaintiff Tony Taheri

1

      Patricia G. Griffith     Attorney for Defendant Evergreen Aviation Ground Logistics Enterprises, Inc.

The parties recommend the following:

2.    **Pre-Discovery Disclosures**.  The information required by Fed. R. Civ. P. 26(a)(1):

    _X_    have been exchanged by the parties

    ___    will be exchanged by the parties by (*insert date*)

Proposed changes to disclosure requirements:  (*Insert proposed changes, if any*)

Preliminary witness lists

    _X_    have been exchanged by the parties – Plaintiff intends to supplement his list by June 6.  Defendant opposes adding additional witnesses.

    ___    will be exchanged by the parties (*insert date*)

3.    **Contested Issues of Fact and Law**.  Preliminarily, the parties expect the following issues of fact and/or law to be presented to the court at trial in this matter:

(*insert contested issues*)

    This is a lawsuit filed by Plaintiff Tony Taheri against his former employer, Defendant Evergreen Aviation Ground Logistics Enterprises, Inc. ("Evergreen").  Plaintiff alleges that Evergreen discharged him in retaliation for allegedly complaining about perceived discrimination.  Evergreen alleges that Plaintiff was terminated for legitimate nonretaliatory reasons.

    The ultimate issue to be determined is whether Evergreen violated Plaintiff's rights, and if so, what are Plaintiff's damages.

4.    **Discovery Plan**.  The parties jointly propose to the court the following discovery plan.

    A.    Discovery will be needed on the following issues:

(*Insert discovery issues*)

Plaintiff desires additional discovery on both liability and damages.

Defendant opposes reopening discovery, but expects Plaintiff to supplement outstanding discovery requests as to damages.

B.  Disclosure or discovery of electronically stored information should be handled as follows:

(*Insert brief description of parties' proposals*)

N/A

C.  The parties have agreed to an order regarding claims of privilege or of protection as trial preparation material asserted after production as follows:

(*Insert brief description of proposed order*)

N/A

D.  All discovery commenced in time to be completed by (*insert* date) ("discovery close date").

Plaintiff desires additional discovery as set forth above, to be completed by August 8, 2008.

Defendant opposes reopening discovery as set forth above.

E.  Limitations on Discovery.

Defendant opposes reopening discovery.

1.  Interrogatories

    _X_ No change from Fed. R. Civ. P. 33(a)

    ___ Maximum of ___ by each party to any other party.

    Responses due in ___ days.

    2.    Requests for Admissions.

        _X_ No change from Fed. R. Civ. P. 36(a).

        ___ Maximum of ___ requests.

        Responses due in ___ days.

    3.    Depositions.

        _X_ No change from Fed. R. Civ. P. 36(a), (d).

        ___ Maximum of ___ depositions by each party.

        Depositions not to exceed ___ hours unless agreed to by all parties.

F.    Reports from retained experts.

Defendant opposes reopening discovery.

___ Not later than 90 days before the close of discovery subject to Fed. R. Civ. P. 26(a)(2)(c).

___ Reports due:

From Plaintiff:   June 20, 2008

From Defendant: July 10, 2008

G.    Supplementation of disclosures and discovery responses are to be made:

___ Periodically at 60-day intervals from the entry of scheduling and planning order.

_X_ As new information is acquired, but not later than 60 days before the close of discovery.  Defendant opposes reopening discovery and requests supplementation of damages discovery within 60 days.

H.    A final witness list, disclosing all lay and expert witnesses whom a party may wish to call at trial, will be due:

4

    ___ 45 days prior to the close of discovery.

    _X_ Not later than 2 weeks prior to trial.

5. **Pretrial Motions.**

    _X_ No change from D.Ak. LR 16.1(c).

The following changes to D.Ak. LR 16.1(c). [Check and complete all that apply]

    ___ Motions to amend pleadings or add parties to be filed not later than (*insert date*).

    ___ Motions under the discovery rules must be filed not later than (*insert date*).

    ___ Motions in limine and dispositive motions must be filed not later than (*insert date*).

6. **Other provisions:**

    A.  ___ The parties do not request a conference with the court before the entry of the scheduling order.

        _X_ The parties request a scheduling conference with the court on the following issue(s):

        Whether discovery should be reopened. Plaintiff wants it reopened; Defendant opposes it.

        (*Insert issues on which a conference is requested*)

    B.  Alternative Dispute Resolution. [D.Ak. LR 16.2]

        ___ This matter is not considered a candidate for court-annexed alternative dispute resolution.

        _X_ The parties request alternative dispute resolution not later than court's earliest convenience.

        _X_ Mediation    ___ Early Neutral Evaluation

    C.  The parties ___ do  _X_ not consent to trial before a magistrate judge.

    D.    Compliance with the Disclosure Requirements of Fed. R. Civ. P. 7.1

          X  All parties have complied    ___ Compliance not required by any party

7.    **Trial**.

    A.    The matter will be ready for trial:

          X  45 days after the discovery close date.

          Defendant opposes reopening discovery.

          ___ not later than (*insert date*).

    B.    This matter is expected to take 4-5 days to try.

    C.    Jury Demanded  X  Yes    ___ No

          Right to jury trial disputed?   ___ Yes    X  No

Dated: April 10, 2008

                                                                                              [1]

                                                         Ted Stepovich

The Law Office of Ted Stepovich    Alaska Bar No. 8711113

841 I Street    ted@akdltlaw.com

Anchorage, Alaska 99501

Tel: (907) 272-9322

Fax: (907) 277-1373

                                                          Counsel for Plaintiff Tony Taheri

---

[1] Plaintiff's counsel asked defense counsel to prepare and file this report. Defense counsel agreed, stating she would send the draft on April 9 for final approval. Plaintiff's counsel stated he would review and approve. Despite repeated efforts to contact Plaintiff's counsel on April 10, defense counsel has not been able to reach him and his office states he is unavailable. Thus, this report is filed without the agreed final approval (and thus without his signature), but it is believed that he would approve of the contents given the April 9 conference.

Ford & Harrison LLP
1275 Peachtree Street, N.E., Suite 600
Atlanta, Georgia 30309
Tel: (404) 888-3800
Fax: (404) 888-3863


Perkins Coie LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
Tel: (907) 263-6950
Fax: (907) 276-3108

s/ Patricia G. Griffith
Patricia G. Griffith
Georgia Bar No. 311928
pgriffith@fordharrison.com
*Admitted Pro Hac Vice*

and

Thomas M. Daniel
Alaska Bar No. 8601003
tdaniel@perkinscoie.com


Counsel for Defendant
Evergreen Aviation Ground
Logistics Enterprises, Inc.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA
ANCHORAGE DIVISION

| | |
|---|---|
| TONY TAHERI,<br><br>    Plaintiff,<br><br>v.<br><br>EVERGREEN AVIATION GROUND LOGISTICS ENTERPRISES, INC.,<br><br>    Defendant. | CIVIL ACTION NO. 3:04-cv-106-RRB |

CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of April, 2008, I electronically filed the SCHEDULING AND PLANNING CONFERENCE REPORT with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorney of record:

    Ted Stepovich, Esquire
    The Law Office of Ted Stepovich
    841 I Street
    Anchorage, Alaska 99501

FORD & HARRISON LLP
1275 Peachtree Street, N.E., Suite 600
Atlanta, Georgia 30309
Tel: (404) 888-3800
Fax: (404) 888-3863

s/ Patricia G. Griffith
Patricia G. Griffith
Georgia Bar No. 311928
pgriffith@fordharrison.com
*Admitted Pro Hac Vice*

Attorneys for Defendant
Evergreen Aviation Ground
Logistics Enterprises, Inc.

Atlanta:447868.1